1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSEPH ROBINSON,                              No.  2:21-CV-1845-TLN-DMC

12                  Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14   BUTTE COUNTY, et al.,

15                  Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18   Court is Defendants' amended motion to dismiss, ECF No. 17, and Plaintiff's motion for an

19   evidentiary hearing and sanctions, ECF No. 23.  Defendants have filed a notice of errata and

20   amended request for judicial notice in support of their motion.  See ECF Nos. 18 and 19.  Plaintiff

21   has filed an opposition and various addenda thereto in response to Defendants' motion.  See ECF

22   Nos. 22, 28, 29, 30, 34, and 36.  Defendants have filed a reply.  See ECF No. 37.  Defendants

23   have also filed oppositions to Plaintiff's motion for an evidentiary hearing and sanctions.  See

24   ECF Nos. 38 and 39.  Plaintiff has not filed a reply.  The parties appeared for a hearing before the

25   undersigned in Redding, California, and after considering oral arguments, the matters were

26   submitted.

27   / / /

28   / / /

                                                    1

# I. BACKGROUND

### A.     <u>Current Action</u>

This action proceeds on Plaintiff's original pro se complaint.  <u>See</u> ECF No. 1. Plaintiff names the following as defendants: (1) Butte County; (2) Michael Ramsey, the Butte County District Attorney; and (3) Kory Honea, the Butte County Sheriff.  <u>See id.</u>  Both individual defendants are sued in their official capacities only.  <u>See id.</u> at 2-3.  The Court issued an order determining Plaintiff's complaint to be appropriate for service.  <u>See</u> ECF No. 6.  In doing so, the Court noted: "Plaintiff's factual allegations largely mirror those in <u>Robinson v. Bryant</u>, 2:20-CV-1189-DMC (<u>Robinson I</u>)."  <u>Id.</u> at 2.  At footnote 1, the Court added:

> <u>Robinson I</u> was closed following the Court's grant of summary judgment in favor of Defendant Bryant on September 24, 2021. See ECF Nos. 106 (Memorandum Opinion and Order) and 107 (Judgment) in <u>Robinson I</u>. Plaintiff's appeal in Robinson I has been processed to the Ninth Circuit Court of Appeals and is pending. <u>See</u> ECF Nos. 108 (Notice of Appeal) and 110 (Clerk's docket entry of processing of appeal) in <u>Robinson I</u>.
>
> The Court expresses no opinion at this time as to the preclusive effect, if any, the Court's judgment in <u>Robinson I</u>, may have in the current action.
>
> <u>Id.</u> at n.1.

Defendants have responded to the complaint in the instant action with the pending motion to dismiss arguing that the Court's judgment in <u>Robinson I</u> precludes Plaintiff's claims in the current action.

Plaintiff claims in the current action that Defendants' conduct resulted in his "[a]rrest and prosecution without probable cause."  ECF No.1, pgs. 3, 5.  Plaintiff also alleges denial of his "[r]ight to a remedy for deprivation of rights" and "[r]ight to an opportunity to be heard."  <u>Id.</u> at 3.  Plaintiff also alleges:

> BCDA and BCSO customs related to selection, training, supervision, correction, and discipline of deputies and prosecutors and Butte County customs relating to claims against deputies and prosecutors caused BCSO Kenneth Bryant and BCDA Veronica Carillo to violate Plaintiff's right to be secure from arrest and prosecution without probable cause under color of California Penal Code § 166(a)(4)."
>
> ECF No. 1, pg. 4.

2

1    In attached pages, Plaintiff then sets forth the same underlying facts as alleged in

2  Robinson I.  See id. at 7-13.

3    **B.    Prior Action**

4    Because the Court must now determine if the prior decision in Robinson I

5  precludes the current action, it is appropriate to review the evolution of that decision.

6    In the Court's order determining Plaintiff's complaint in Robinson I was

7  appropriate for service, the Court summarized Plaintiff's claims as follows:

8
> Plaintiff names Butte County Deputy Sheriff Kenneth
9  Bryant as the sole defendant. Plaintiff claims defendant violated his Fourth
   Amendment rights by arresting him without probable cause. Plaintiff
10  alleges he was arrested by Bryant on an improper warrant that was based
   on a false declaration provided by Charles Duran, presumably another
11  Butte County Deputy Sheriff. Plaintiff states Duran and Bryant conspired
   to cause plaintiff's arrest "upon the false premise of sending in the mail to
12  Duran a 'letter disguised as a court document' that was a real
   document and which both Duran and Bryant knew or should have known
13  was a real court document." According to plaintiff, he was prosecuted for
   violation of California Penal Code § 166(a)(4), which proscribes contempt
14  of court. Plaintiff states that, years later, the Butte County District
   Attorney's Office dismissed the charges against plaintiff in the interest of
15  justice after discovering that the document in question was, in fact, a court
   document.

16    ECF No. 4, pg. 2, in Robinson I.

17    Defendant Bryant responded with a motion to dismiss.  The Court's order

18  addressing Defendant's motion began with a discussion of the legal nature of Plaintiff's claim.

19  See ECF No. 47 in Robinson I.  The Court ruled:

20
> At the outset, the Court agrees with Defendant that
21  Plaintiff's claim is properly characterized as a claim for malicious
   prosecution and not false arrest. Where, as here, an arrest occurs after the
22  filing of criminal charges, the arrest necessarily took place pursuant to
   legal process and, therefore, was not a false arrest. See Jones v. Keitz,
23  2017 WL 3394121 (E.D. Cal. 2017) (citing Wallace v. Kato, 549 U.S.
   384, 389 (2007)). Under the facts alleged, Plaintiff's claim predicated on
24  false arrest is "subsumed by a claim for malicious prosecution." Id.

25    ECF No. 47 in Robinson I, pg. 4.

26  / / /

27  / / /

28  / / /

3

1    The Court then discussed the legal issue presented by Defendant Bryant's

2    motion to dismiss:

3            To state a claim under 42 U.S.C. § 1983 for malicious
         prosecution, the plaintiff must allege "that the defendants prosecuted [him]
4        with malice and without probable cause, and that they did so for the
         purpose of denying [him] equal protection or another specific
5        constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189
         (9th Cir. 1995). In this context, Defendant argues that Plaintiff's
6        allegations fail to overcome the conclusion that investigating officers are
         immunized from liability when a criminal complaint is filed because it is
7        presumed the prosecutor exercised independent judgment in determining
         probable cause for an accused's arrest existed at the time of the arrest.
8        "Unless overcome, . . . the presumption insulates the arresting officers
         from liability for harm suffered after the prosecutor initiated formal
9        prosecution." See Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986);
         see also Harper v. City of Los Angeles, 533 F.3d 1010, 1027 (9th Cir.
10       2008). To overcome the presumption that the prosecutor exercised
         independent judgment, the plaintiff must allege and prove "that the district
11       attorney was subjected to unreasonable pressure by the police officers, or
         that the officers knowingly withheld relevant information with the intent
12       to harm [him], or that the officers knowingly supplied false information."
         Id. Negligence on the part of the investigating officers is insufficient to
13       overcome the presumption. See Smiddy, 803 F.2d at 1472-73.

14   ECF No. 47 in Robinson I, pgs. 4-5.

15   The Court denied Defendant's motion, concluding that Plaintiff had alleged

16   sufficient facts in Robinson I to overcome the Smiddy presumption which would otherwise have

17   shielded Defendant Bryant from liability.  See id. at 6.  The Court held:

18           While the Court agrees with Defendant that Plaintiff's
         claim is properly characterized as a claim for malicious prosecution and
19       that the Smiddy presumption applies to such claims in general, the Court
         does not agree with Defendant that Plaintiff's allegations in this case fail
20       to overcome the Smiddy presumption. Defendant's argument is based on
         the incorrect conclusion that "by his own pen, Plaintiff alleges that Deputy
21       Bryant conducted a negligent investigation" and "Plaintiff has
         affirmatively alleged only negligence by Deputy Bryant. . . ." As
22       Defendant acknowledges, Plaintiff claims that Defendant knew or should
         have known the document at issue was in fact a real court document and
23       not a letter disguised as a court document and, as such, sending it in the
         mail was not a violation of California Penal Code § 166(a)(4). To the
24       extent Plaintiff claims Defendant Bryant knew the document was in fact a
         court document, the Court must presume the allegation to be true. The
25       allegation that Defendant knowingly supplied false information is
         sufficient at the pleading stage to overcome the Smiddy presumption.
26       Whether Plaintiff's allegation is borne out by the evidence is a question
         for a later day.
27
     ECF No. 47 in Robinson I, pg. 6.
28

4

That later day came upon submission of Defendant's motion for summary judgment in <u>Robinson I</u>. Defendant Bryant argued that the undisputed evidence established that the <u>Smiddy</u> presumption, in fact, applied. The Court agreed. <u>See</u> ECF No. 106 in <u>Robinson I</u>. In its memorandum opinion and order addressing Defendant's motion for summary judgment, the Court outlined a detailed summary of Plaintiff's factual allegations. <u>See id.</u> at 4. The Court stated:

> According to Plaintiff, on October 1, 2015, Defendant Bryant met with Charles Duran and the two "conspired to cause me to be arrested without probable cause" for allegedly violating the terms of a September 9, 2015 restraining order issued against Robinson in the Butte County Superior Court case captioned <u>Duran v. Robinson</u> (Case No. 16457). The subject restraining order barred Robinson from contact with Duran, with the express exception of "peaceful written contact through a lawyer or a process server or other person for service of *legal papers related to a court case…"*. (emphasis added). Plaintiff contends that following his service of three documents relating to pending litigation as between Duran and Robinson, Defendant Bryant knowingly mischaracterized one of the documents served by Robinson as being outside the Restraining Order exception for "legal papers related to a court case". ECF No. 1, pg. 7. Plaintiff adds that, on October 5, 2015, Defendant Bryant signed a Declaration of Probable Cause for Arrest Warrant targeting Plaintiff for violation of California Penal Code § 166(a)(4). See id.
>
> Next, Plaintiff alleges that Butte County District Attorney Veronica Carrillo filed a criminal complaint against him on December 14, 2015, for violation of § 166(a)(4). <u>See id.</u> Plaintiff states that an arrest warrant was issued on February 18, 2016, no. SCR10597. <u>See id.</u> Plaintiff states that he "discovered" the arrest warrant on December 20, 2019 and surrendered to the Butte County Sheriff's Office on December 24, 2019. <u>See id.</u> Finally, Plaintiff maintains that once Butte County District Attorney Terri Mannion learned that the document at issue was in fact a "court document" subject to the exception specified in the Restraining Order, and on that basis on February 28, 2020, moved to dismiss the criminal action of <u>People v. Robinson</u>, Butte County Case No. SRC105957. <u>See id.</u>

ECF No. 106 in <u>Robinson I</u>, pg. 4.

Consistent with the Court's earlier order denying Defendant's motion to dismiss in <u>Robinson I</u>, the Court framed the narrow issue presented on summary judgment as follows:

> Here, it is not disputed that Deputy District Attorney Carrillo made the decision to prosecute Plaintiff for violation of the restraining order. What is at issue is whether Defendant Bryant improperly influenced that decision such that the <u>Smiddy</u> presumption, which would otherwise shield Bryant from liability, is overcome. While the <u>Smiddy</u> presumption may be overcome with evidence of undue pressure by the investigating officer, or evidence that the investigating officer knowingly

1  withheld relevant information with the intent to harm, Plaintiff contends
   the presumption is overcome in this case because Bryant knowingly
2  provided false information.

3  ECF No. 106 in <u>Robinson I</u>, pg. 10.

4  On this narrow issue, the Court determined the undisputed evidence in <u>Robinson I</u>

5  showed:

6  On September 9, 2015, the Butte County Superior Court
   issued a three-year Civil Harassment Restraining Order After Hearing. See
7  ECF No. 88-4, pgs. 30-34 (Exhibit B to Defendant's Request for Judicial
   Notice). This order protected Duran and restrained Plaintiff. <u>See id.</u> at 30.
8  The order directed Plaintiff not to: (1) "Harass, intimidate, molest, attack,
   strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy
9  personal property of, or disturb the peace of the person"; (2) "Contact the
   person, either directly or indirectly, in any way, including, but not limited
10 to, in person, by telephone, in writing, by public or private mail, by
   interoffice mail, by e-mail, by text message, by fax, or by other electronic
11 means"; or (3) "Take any action to obtain the person's address or
   location." <u>Id.</u> at 31. The order also provided for an exception as follows:
12 "Peaceful written contact through a lawyer or a process server or other
   person for service of *legal papers related to a court case* is allowed and
13 does not violate this Order." <u>Id.</u> at 31 (emphasis added).
            The undisputed evidence in this case establishes that
14 Plaintiff caused three documents to be sent to Duran. These documents
   are: (1) a subpoena issued by the Butte County Superior Court on August
15 28, 2015, commanding Duran to appear at a hearing on September 9,
   2015; (2) a document prepared by Plaintiff and styled as a court filing in
16 Butte County Superior Court case no. 164958 captioned "NOTICE OF
   JOINED CASES and NOTICE THAT DURAN'S RESTRAINING
17 ORDER AGAINST ROBINSON IS INVALID AND VOID BECAUSE
   ROBINSON HAS THE RIGHT TO AREST DURAN FOR FELONY
18 ASSAULT" (referred to by Plaintiff as the "NJC"); and (3) a letter dated
   August 29, 2015, from Plaintiff to Duran. <u>See</u> ECF No. 88-3, pgs. 32-35
19 (Exhibit A to Bryant Declaration). Plaintiff contends these documents
   were served on Duran by a process server, and Defendant does not provide
20 any evidence to put this contention in dispute. It is also undisputed that,
   based on Duran's receipt of these documents, Bryant completed a
21 Declaration of Probable Cause for Arrest Warrant on October 5, 2015. <u>See</u>
   ECF No. 88-3, pg. 25 (Exhibit A to Bryant Declaration).
22
   ECF No. 106 in <u>Robinson I</u>, pgs. 10-11.
23

24 As to the applicability of <u>Smiddy</u> to shield Defendant Bryant from liability in

25 <u>Robinson I</u>, and focusing on the August 29, 2015, document, the Court held:

26 According to Plaintiff, the documents sent to Duran which
   were the subject of Bryant's subsequent investigation are patently "legal
27 papers related to a court case" and thus fall with the exception specified in
   the subject restraining order. Plaintiff maintains that by providing the
28 Declaration of Probable Cause for Arrest Warrant to the Butte County

6

District Attorney's Office, based on these documents that so obviously did not offend the restraining order terms, Bryant knowingly provided false information to the prosecuting authority. . . .

* * *

. . .Plaintiff's argument fails with respect to the third document – Plaintiff's August 29, 2015, letter accompanying the subpoena served on Duran. In this letter, Plaintiff writes:

Joseph Robinson                          August 29, 2015
230 Walnut Street
Suite C Box 135
Chico, CA 95928


Charles Duran            RE: Subpoena – Hostile Witness
609 Entler Avenue
Chico, CA 95928


Master Chuck,

Your testimony is required to prove intent to commit great bodily harm when you sucker-punched me.

Your sucker-punch was a cheap shot that I could not defend. Your Temporary Restraining Order was another cheap shot, but the difference is that we are on equal footing in Court.

You will testify for me as a hostile witness.
This Subpoena orders you to be present.
Now youse [sic] can't leave.

ECF No. 88-3, pg. 33.

The Court finds that this document is not so obviously a "legal paper related to a court case" that Bryant necessarily provided false information when he sent the document to Carrillo in support of his Declaration of Probable Cause for Arrest Warrant. While the subpoena accompanying this letter is such a document, the letter itself is only arguably so. Though the letter relates to the subpoena, it is not so plainly a "legal paper" (such as a pleading, subpoena, or writ) that Bryant would be knowingly false in characterizing the subject letter as the very kind of communication from Plaintiff to Duran that the restraining order was meant to prohibit. Because the August 29, 2015, letter was not so obviously a legal paper related to a court case, Bryant did not necessarily provide false information when he supplied it to the prosecutor.

/ / /

/ / /

7

1                 Accordingly, the Court finds that Plaintiff has not overcome
the Smiddy presumption that extends prosecutorial immunity to Defendant

2         Bryant here. Defendant is immunized from liability and entitled to
judgment as a matter of law.

3

4         ECF No. 1-6 in <u>Robinson I</u>, pgs. 11-13.

5         Plaintiff's appeal from the Court's final judgment in <u>Robinson I</u> remains pending

6 in the Ninth Circuit Court of Appeals.

7

8                   **II.  DISCUSSION**

9         Plaintiff asserts three theories of liability in the current action: malicious

10 prosecution; denial of right to a remedy; and denial of right to be heard.  <u>See</u> ECF No. 1.  In their

11 amended motion to dismiss, Defendants argue: (1) Plaintiff's claim for malicious prosecution is

12 barred by the Court's judgment in <u>Robinson I</u>; (2) Plaintiff fails to state a cognizable claim for

13 "right to a remedy for deprivation of rights"; and (3) Plaintiff fails to state a cognizable claim for

14 "right to an opportunity to be heard."   <u>See</u> ECF No. 17-1.  Defendants also argue that Plaintiff

15 cannot state individual claims against Defendants Ramsey or Honea because they are sued in their

16 individual capacity and, as such, any claims against them are redundant of Plaintiff's claim

17 against Defendant Butte County.  <u>See id.</u>

18         At the hearing on the pending motions, the parties engaged with the Court in a

19 robust discussion of Plaintiff's factual allegations and theories of liability against Defendant Butte

20 County.  At the outset of this discussion, Plaintiff explained to the Court that both cases involve

21 the same facts and that the issue is who to hold liable based on those facts.  According to Plaintiff,

22 Defendant Butte County should be held liable because it "hired incompetent people."  More

23 specifically, Plaintiff contended at the hearing that Defendant Butte County is liable for the

24 incompetence of Bryant and Carrillo.

25         The parties next discussed with the Court Plaintiff's theories of liability.  Plaintiff

26 began by saying that he is suing because he was prosecuted without probable cause.  Regarding

27 his apparent due process claims based on the rights to be heard and to a remedy, Plaintiff's

28 statements at the hearing were somewhat confused.  Initially, he stated that these rights had been

1   violated because he was wrongfully prosecuted.  In response to a question from the Court,

2   Plaintiff added that the wrongful prosecution constitutes his injury.  Later in the hearing,

3   however, Plaintiff stated that these rights had been violated by this Court in the context of

4   proceedings in Robinson I by misstating the case.

5           When offered the opportunity for final argument at the hearing, Plaintiff contended

6   that a ruling in favor of Defendants would say it is okay to "put a moron in a position of

7   responsibility."  Plaintiff concluded by saying that he is seeking redress for having been

8   prosecuted without probable cause.

9           Defendants' arguments are addressed below following careful consideration of the

10  records in this case and Robinson I,[1] as well as the parties' arguments at the hearing.

11          **A.      Defendants Ramsey and Honea**

12          Both individual defendants – Ramsey and Honea – are explicitly sued in their

13  official capacities.  See ECF No. 1, pgs. 2-3.  A suit under § 1983 against government officials

14  sued in their official capacities is a suit against the governmental employer.  See Kentucky v.

15  Graham, 473 U.S. 159 (1985).  When both an officer and the local government entity are named,

16  and the officer is named in his or her official capacity, the officer is a redundant defendant and

17  may be dismissed.  See Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997); Fontana v.

18  Alpine County, 750 F. Supp. 2d 1148, 1154 (E.D. Ca. 2010).  Here, Plaintiff names Butte County

19  as well as its officers/employees, Ramsey and Honea, both in their official capacities.

20          The Court agrees with Defendants that Ramsey and Honea are redundant of

21  Defendant Butte County and should be dismissed.

22  / / /

23  / / /

24  / / /

25  / / /

26

27          [1]      **Error! Main Document Only.**The Court may take judicial notice pursuant to
    Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530
    F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of its own records.  See
28  Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1          **B.**        **Defendant Butte County**

2               At its core, and for the reasons discussed above for dismissal of Ramsey and

3 Honea, Plaintiff's lawsuit is an action against a municipal defendant – Butte County.

4 Municipalities and other local government units are among those "persons" to whom § 1983

5 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and

6 municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also

7 Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government

8 unit, however, may not be held responsible for the acts of its employees or officials under a

9 respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403

10 (1997).

11               Following discussion with Plaintiff at the hearing, is it clear that Plaintiff's claim

12 against Defendant Butte County – and by extension the District Attorney and Sheriff – is based

13 on Plaintiff's belief that incompetent officials were hired and supervised and that he suffered a

14 wrongful prosecution as a result.  In other words, Plaintiff alleges Defendant Butte County is

15 liable as a superior employing entity.  This is the essence of a respondeat superior claim, which is

16 not cognizable.  On this basis alone, the Court finds that dismissal of the entire action with

17 prejudice is appropriate.

18               The Court nonetheless considers Defendants' arguments that: (1) Plaintiff's

19 malicious prosecution claim is foreclosed by the Court's final judgment in Robinson I and; (2)

20 Plaintiff cannot state a claim under either of the other two theories asserted in the complaint.  See

21 ECF No. 17-1.

22             1.     Malicious Prosecution

23               Defendants contend Plaintiff's malicious prosecution claim, styled as a claim for

24 arrest and prosecution without probable cause, is barred by the doctrine of res judicata.  Two

25 related doctrines of preclusion are grouped under the term "res judicata."  See Taylor v. Sturgell,

26 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines – claim preclusion –

27 forecloses "successive litigation of the very same claim, whether or not re-litigation of the claim

28 raises the same issues as the earlier suit."  Id.  "Issue preclusion . . . bars successive litigation of

an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor, 128 S. Ct. at 2171 (internal citation, quotation omitted).

Here, Defendants argue Plaintiff's current malicious prosecution claim is barred by the doctrine of issue preclusion.  Issue preclusion applies where: (1) the issue necessarily decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the first proceedings.  See New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001).

In Robinson I, the Court concluded that Plaintiff could not prevail on his malicious prosecution claim against the investigating officer – Bryant – because the August 29, 2015, document which served as the basis for the charged violation of the restraining order "is not so obviously a 'legal paper related to a court case' that Bryant necessarily provided false information when he sent the document to Carrillo [the prosecutor] in support of his Declaration of Probable Cause for Arrest Warrant."  ECF No. 106, pg. 12, in Robinson I.  This decision evolved in the context of evidence supporting the applicability of the Smiddy presumption in favor of Defendant Bryant.  As outlined above, the decision in Robinson I turned on the August 29, 2015, document. In this case, Plaintiff alleges that the same document is the basis for his malicious prosecution claim against Defendant Butte County.

Defendants argue:

> Although *Robinson I* was directed specifically at Deputy Bryant's conduct, this Court's determination that the August 29, 2015, letter at issue was "not so obviously a legal paper" precludes a finding that Plaintiff was subjected to malicious prosecution by any County employee. Indeed, if the letter was "not so obviously a legal paper," then as a matter of law it cannot be said that any individual involved in the prosecution of Plaintiff acted with malice. *Ayala v. KC Environmental Health,* 426 F.Supp.2d 1070, 1091 (E.D. Cal. 2006). (Malice is established when "the former suit was commenced in bad faith to vex, annoy or wrong the adverse party."); *see also Centers v. Dollar Markets,* 99 Cal.App.2d 534, 541 (1950) (Malice means "actuated by a wrongful motive, i.e., the party must have had in mind some evil or sinister purpose.")

/ / /

11

Put another way, in order for Plaintiff to be able to establish a constitutional violation for malicious prosecution under the same facts already litigated in *Robinson I*, he would need this Court to contradict its prior ruling and hold that the August 29, 2015, *was* so obviously a legal paper that it can be said that the initiation of legal proceedings against him was based on malice. This need for a contradictory ruling by this Court to achieve a different result goes to the heart of the purpose of issue preclusion. It is intended to prevent litigants from re-litigating the same issue in a different case in order to obtain a different result. The application of issue preclusion applies here given the prior legal determinations by this Court which preclude, as a matter of law, a finding that any individual County employee acted with malice in initiating legal proceedings against Plaintiff.

ECF No. 17-1, pg. 8.

Defendants' argument is persuasive.  The Court determined in the prior case that the August 29, 2015, document could not serve as the basis of a malicious prosecution action. This determination was essential to the prior judgment.  Defendants are correct that any ruling in favor of Plaintiff in the current action would necessarily contradict the prior determination.  As such, the first element of issue preclusion is satisfied.

The second and third elements are also satisfied in that it is undisputed that Robinson I resulted in a final judgment on the merits and the party against whom preclusion is asserted in the current action – Plaintiff – was a party to the prior action.

The Court's determination in Robinson I thus operates to foreclose Plaintiff's malicious prosecution claim against Defendant Butte County under the doctrine of issue preclusion.

2.      Other Claims

Plaintiff alleges Defendants' conduct resulted in violations of his rights to a remedy and an opportunity to be heard.  As Defendants correctly note, § 1983 does not create a stand-alone right of action.  See Robins v. Harum, 773 F.2d 1004, 1006 (9th Cir. 1985).  Instead, § 1983 is a vehicle for vindication of violations of rights guaranteed by the Constitution or federal law.  See id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).  Moreover, even if Plaintiff's complaint can be seen as asserting some violation of an underlying constitutional or statutory right by way of denial of a remedy or opportunity to be heard, Plaintiff has not pleaded any facts in support of such claims.  To the contrary, Plaintiff alleges that he was in fact heard

with respect to the charge of violating the terms of the restraining order and that he received a remedy in his favor. Finally, this Court's records clearly reflect that Plaintiff has been afforded every opportunity to be heard. As to denial of a remedy, Plaintiff cannot be denied that to which he has not established an entitlement in the first place. Because Plaintiff is not entitled to any remedies, his right to a remedy, cannot have been denied.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendants' amended motion to dismiss, ECF No. 17, be granted;

2.      This action be dismissed in its entirely with prejudice; and

3.      Plaintiff's motion for an evidentiary hearing, ECF No. 23, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

13